HEMPSTEAD THEATRE CORPORATION et al., Respondents, v. METROPOLITAN PLAYHOUSES, INC., et al., Appellants.

Order appealed from modified so as to grant motion to dismiss seventh cause of action as to defendant Circuit Vendors, Inc., and as so modified affirmed.

PECK, P. J. (dissenting). Plaintiffs, as landlords, have leased to defendant Metropolitan certain theatre premises upon terms calling for rent partially based upon "gross receipts" derived from the operation of the premises. The complaint alleges that defendant Skouras is the assignee of the leases or sublessee of the premises. The seventh cause of action in the supplemental complaint, which is the subject of this appeal and motion to dismiss for insufficiency, asserts that defendant Skouras entered into an agreement with Loew's Inc. and affiliated companies and received from said companies a sum in excess of $2,000,000 in settlement of a claim under the Clayton Act, the claim being that by reason of Loew's monopolistic practices in violation of the antitrust laws defendant Skouras suffered injury to its business in relation to the motion picture theatres subject to the leases between the parties. As expressed by the complaint, "The payment provided for as aforesaid was based upon the loss of profits sustained by defendant Skouras in consequence of the loss of gross receipts at the theatres". The demand of the complaint is that defendants pay to plaintiffs an additional percentage rental on account of the receipt by Skouras of the settlement money on its claim against Loew's.

The majority of the court is of the opinion that plaintiffs should not be foreclosed, on motion addressed to the complaint, from the opportunity of developing at the trial their theory that the payment received by Skouras in settlement of the litigation against Loew's in some respect represented "gross receipts" of the theatres in which plaintiffs were entitled to share. I would not dissent from this seemingly nonprejudicial allowance of the action to continue could I imagine any possibility of ultimate success on plaintiffs' part. It seems to me, however, that the inevitable result in the case is clearly indicated upon the face of the complaint and that it is prejudicial to both parties as well as a waste of court time to permit the action to continue.

There are two reasons why I think the action is bound to prove abortive.

First and primarily, any amount which Skouras could recover from Loew's in litigation and any amount it would receive in settlement would have to be attributed, as the complaint in this action alleges, to "loss of profits" sustained by Skouras, and "loss of profits" would have to be calculated on the basis of "net" return to Skouras from the business allegedly lost after deducting

all expenses attributable to that business, including any rent which would have to be paid by defendants to plaintiffs. It follows that any such rental payment could not be included in but would have to be excluded from the profits which Skouras could claim that it lost or could recover from Loew's. Both as a matter of fact and of law, therefore, there cannot be any rental accruing to plaintiffs included in any amount recovered by Skouras from Loew's.

Secondly, assuming, what is doubtful, that a landlord could have a claim of the kind here envisioned for loss of rent due to a violation of the antitrust laws by strangers, the claim would be one in. its own right, not subject to settlement or inclusion in a settlement by the lessee with the strangers without the landlord's participation and consent.

In my opinion the complaint on its face does not state a cause of action and it would not be possible to frame a valid cause of action on the theory which plaintiffs are advancing. I therefore dissent and vote to reverse and dismiss the seventh cause of action.

Cohn, Bastow and Bergan, JJ., concur in decision; Peck, P. J., dissents and votes to reverse and dismiss the seventh cause of action, in opinion, in which Callahan, J., concurs.

Order modified so as to dismiss the seventh cause of action as to the defendant Circuit Vendors, Inc., and otherwise affirmed. Settle order on notice. [See *post*, p. 1030.]